OPINION
This matter presents a timely appeal from a judgment rendered by the Belmont County Common Pleas Court, accepting the guilty plea offered by defendant-appellant, James A. Yoho, along with his subsequent sentence thereon.
On October 7, 1998, appellant was indicted by the Belmont County Grand Jury on two counts of gross sexual imposition in violation of R.C. 2907.05(A). On October 20, 1998, appellant was arraigned before the trial court and entered a plea of not guilty. Pursuant to Crim.R. 11(F), appellant changed his initial not guilty plea and entered a guilty plea to amended charges which dismissed the second count of the indictment. The trial court held a sentencing hearing on February 1, 1999, at which time appellant was sentenced to a definite incarceration term of five years in the Correctional Reception Center located in Orient, Ohio. This appeal followed.
Appellant sets forth four assignments of error on appeal.
As appellant's first, second and fourth assignments of error have a common basis in law and fact, they will be discussed together and allege respectively as follows:
 "BEFORE IMPOSING MAXIMUM SENTENCE THE COURT FAILED TO ADEQUATELY PERFORM THE BALANCING OF FACTORS REQUIRED BY R.C. 2929.11 AND R.C. 2929.12.
 "THE COURT IMPOSED MAXIMUM SENTENCE AGAINST THE PRESUMPTION AGAINST SUCH SENTENCE CONTAINED IN R.C. 2929.14(C).
 "THE COURT FAILED TO WHOLLY STATE ITS REASONS FOR IMPOSING MAXIMUM SENTENCE AS REQUIRED BY R.C. 2929.19
(B)(2)(d)."
Appellant first argues that the trial court abused its discretion by failing to specifically identify the factors mandated by R.C. 2929.12 when sentencing him to a definite incarceration term of five years. Second, appellant argues that R.C. 2929.14(C) creates a clear and strong presumption that maximum sentences are to be applied sparingly. Third, appellant argues that the trial court failed to state its reasons for imposing maximum sentence pursuant to R.C. 2929.19(B)(2)(d) which provides in pertinent part, "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed * * *."
R.C. 2929.12 provides, in pertinent part:
 "(A) Unless a mandatory prison term is required by division (F) of section 2929.13 or section 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offenders's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.
 "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
"* * *
 "(6) The offender's relationship with the victim facilitated the offense."
In sentencing a felony offender, a trial court must impose a sentence that is reasonably calculated to achieve the two overriding purposes of felony sentencing pursuant to R.C.2929.11.(A), which incorporates protecting the public from future crime by the offender, and also punishing the offender for the crime charged. In order to achieve these two purposes, the trial court must consider the need to deter the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(B) further provides that the trial court must impose a sentence, "* * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
In addition, R.C. 2929.14 governs the imposition of prison terms for felony convictions, providing:
 "(A) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter * * *, the court shall impose a definite prison term that shall be one of the following:
"* * *
 "(3) For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
"* * *
 "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
In State v. Pickford (Feb. 22, 1999), Jefferson App. No. 97 JE-21, unreported, this court held that with the passage of Am.Sub.S.B. No. 2, we would no longer review a felony sentence under the abuse of discretion standard. This court also stated that it would not always follow a silent record presumption. R.C.2953.08 sets forth new rights and procedures for appellate review of sentences that violate the provisions of R.C. 2929, et seq. R.C. 2953.08(A) provides grounds for a defendant's appeal of right, including:
 "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code and was not imposed pursuant to division (D)(3) (b) of section 2929.14 of the Revised Code, and the court imposed it under one of the following circumstances:
"(a) The sentence was imposed for only one offense.
"* * *
"(4) The sentence is contrary to law."
Once an appellant establishes a ground for appeal under R.C.2953.08, then R.C. 2953.08(G) governs the scope of appellate review. R.C. 2953.08(G) states, in pertinent part:
 "(G)(1) The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
"* * *
"(d) That the sentence is otherwise contrary to law."
In the instant case, appellant was convicted of gross sexual imposition, a third degree felony, and was sentenced to the maximum five year sentence allowed under R.C. 2929.14 for this single offense. Appellant thus provided adequate grounds for appeal under R.C. 2953.08(A)(1)(a). Therefore, pursuant to R.C.2953.08(G), this court will determine whether the record supports this sentence by clear and convincing evidence.
In the present matter, the following colloquy took place at the sentencing hearing:
 "MR. FLANAGAN: Your Honor, the State has nothing to add except what is in the presentence investigation and the victim impact statement. As well, the victim's mother is present in the courtroom. I believe she would like to speak to the Court. She did speak through the victim impact statement, but I believe she has something else to say.
 "THE COURT: Very well. We would like to hear from her.
 "MS. ICE: Your Honor, with all due respect, if you or someone you love has never been a victim of sexual abuse, you can't know how devastating it is to the child and their family. My daughter and I will have to live with this for the rest of our lives. This man took our trust and friendship and used it to satisfy his own sick needs —
"* * *
"MS. ICE: * * *
"* * *
 "She has a hard time trusting anyone now. Even people she has known for years. She has a (sic) awakened in the night from nightmares. Just within the last four or five weeks has she been able to sleep through the night. She is afraid to be out of my sight. I have to force her to go to activities such as girls' club, music and art class, and other activities that Lockland Chapel holds. * * * She needs to know there are safe places and safe people.
 "There hasn't been a day that I haven't blamed myself. Why did I let her out of my sight with this man? Even though I know the answer, it is still hard. Why wouldn't I trust him? Him, his wife and I were friends. We went to church together. I never dreamed he would hurt my daughter. I guess I was wrong.
 "It would take me hours to try to and explain the effects this has had on my daughter. Your Honor, I'm asking you to give this man the maximum sentence, after all, he gave my daughter a life sentence. Thank you for taking the time for listening to me.
 "THE COURT: We appreciate your courage in coming forward, and your honesty and sincerity as well.
"MS. ICE: Thank you.
"THE COURT: Anything else anyone would like to add?
"MR. FLANAGAN: Nothing from the State, Your Honor.
 "THE COURT: This Court is considering all of the factors set forth in the statute — particular importance is the fact that the relationship with this eight-year-old girl facilitated the offense, the defendant was a friend of the family, and attended church functions, and utilized this special position of trust to commit the crime involved herein.
 "The injury to the victim was, of course, worsened by her young age and the fact that she had already been victimized by someone else in a similar way. She has suffered, as her mother said, a life sentence. Serious psychological harm, which will affect her ability to enjoy life and romantic relationships, perhaps, for ever (sic).
 "The defendant has a prior history of criminal convictions, a 1978 assault and battery, 1985 battery, 1978 third degree sexual assault in Marshall County. This is the worst case of this nature the court has seen. Considering all of the sentencing factors, the Court finds that anything less than five years would demean the seriousness of the offense and the defendant is hereby sentenced to five full years." (Tr. 2-5).
The trial court specifically addressed those factors mandated in R.C. 2929.12 which were applicable to the case. The trial court clearly indicated on the record that appellant was a friend of the family which attended church functions together; that appellant abused his special position of trust with the family to commit the within crime; and, the fact that the victim was only eight years of age. The trial court stressed the fact that the victim was eight years of age and due to appellant's wrongdoing, she will probably suffer serious psychological harm which will affect her life in the future.
Furthermore, the trial court specifically set forth its reasons for imposing the maximum prison time on appellant. By judgment entry dated February 2, 1999, the trial court specifically stated that it had considered the record, oral statements, the presentence report, victim impact statement, record of proceedings, NCIC criminal history report and the purposes and principles of sentencing under R.C. 2929.11. During the sentencing hearing, the trial court also addressed the fact that appellant had a prior history of criminal convictions in 1978 and in 1985, and that appellant had committed the worst form of the offense. These findings supported the maximum sentence under R.C.2929.14(C) and also considered the overriding objectives under R.C. 2929.11(A). The trial court's findings at the sentencing hearing and subsequent journal entry also provided justifiable reasons for imposing the maximum sentence on appellant, thereby satisfying the mandates of R.C. 2929.19(B)(2)(d). Therefore, there was clear and convincing evidence upon which to support the trial court's imposition of the maximum five year sentence.
Appellant's first, second and fourth assignments of error are found to be without merit.
Appellant's third assignment of error alleges:
 "THE COURT FAILED TO SENTENCE LAWFULLY AS IT DID NOT PROVIDE THE MANDATORY NOTIFICATIONS OF R.C. 2929.19
(B)."
Appellant asserts that the trial court failed to provide him notice of the "bad time" provision pursuant to R.C.2929.19(B)(3)(b) and the mandatory post-release control pursuant to R.C. 2929.19(B)(3)(c).
R.C. 2929.19(B)provides in pertinent part:
 "(B)(1) At the sentencing hearing, the court, before imposing sentence, shall consider the record, any information presented at the hearing by any person pursuant to division (A) of this section, and, if one was prepared the presentence investigation report made pursuant to section, 2951.03 of the Revised Code or Criminal Rule 32.2, and any victim impact statement made pursuant to section 2947.051
[2947.05.1] of the Revised Code.
"* * *
 "(3) * * *, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
"* * *
 "(b) Notify the offender that the parole board may extend the stated prison term if the offender commits any criminal offense under the laws of this state or the United States while serving the prison term, that the extension will be done administratively as part of the offender's sentence in accordance with section 2967.11 of the Revised Code and may be for thirty, sixty, or ninety days for each violation, that all extensions of any stated prison term for all violations during the course of the term may not exceed one-half of the term's duration, and that the sentence so imposed automatically includes any extension of the stated prison term by the parole board;
 "(c) * * *, if the offender is being sentenced * * * for a felony sex offense, as defined in section 2967.28 of the Revised Code, * * * notify the offender that a period of post-release control pursuant to section 2967.28 of the Revised Code will be imposed following the offender's release from prison;"
R.C. 2929.19(B) does not specify that notification cannot be by means of the trial court's journal entry. In State v. Grundy
(December 9, 1998), Summit App. No. CA-19016, unreported, the court held that the mandate of R.C. 2929.19(B)(3)(c) was satisfied by notification contained within the trial court's journal entry.
Although the trial court did not specifically address post-release control and the "bad time" provision during the sentencing hearing, appellant was advised of such, by way of the trial court's judgment entry dated February 2, 1999. This entry clearly indicated:
 "As part of the sentence herein, the Parole Board may, pursuant to Ohio Revised Code Section 2967.11, extended (sic) the stated prison term in increments of fifteen (15), thirty (30), sixty (60) and ninety (90) days for each violation of the criminal laws of the State of Ohio and of the United States that it determines to have been committed by the offender while in prison, but those additional prison terms may not total more than one-half of the stated prison term of thirty (30) months.
 "Upon completion of the prison term, the offender shall be subject to such further period of supervision under post release control as the Parole Board may determine pursuant to law. As authorized by law, the Adult Parole Authority may increase or reduce restrictions imposed by the Parole Board. If the Defendant violates the terms of post release control, the Parole Board may return offender to prison for maximum period of thirty (30) months for each violation, but the total period of additional prison time imposed by the Parole Board for violation while under post-release control shall not exceed one-half of the Defendant's stated prison term. If Defendant is convicted of a felony committed while under post-release control, the Court having jurisdiction over the new felony may return the Defendant to prison under this case for an additional period of time as authorized by law and any prison term for the new felony may be served consecutively with the extension of prison time in this case. If the Court imposes additional prison time in this case, Defendant shall be credited with any additional prison time imposed by the Parole Board for the same violation.
 "The additional periods of time imposed by another Court because of a felony committed under post-release control in this case, or by the Parole Board for violations in this case while in prison or on post-release control, are part of the sentence in this case."
Appellant further asserts that the trial court erred in not holding a hearing mandated by R.C. 2950.09 and R.C. 2929.19(A)(2) to determine if he should be classified as a sexual predator. The trial court stated in a docket entry filed on June 22, 1999, that appellant would have a hearing on July 12, 1999 to determine his status as a sexual predator under R.C. 2950.01 et seq., thereby providing appellant notice of the hearing. Appellant's brief was filed on March 18, 1999, which was before the notice of the sexual predator hearing and before the actual hearing itself. The record is devoid of a journal entry wherein the trial court set forth its judgment on the sexual predator issue. The only evidence in the record regarding the sexual predator issue was a stipulation which was unsigned by appellant, whereby appellant and appellee agreed to later stipulate that appellant would be classified as a sexually-oriented offender. Since the trial court did not address its findings regarding the sexual predator issue at the time appellant filed his brief, there was not a final appealable order. Therefore, this court declines to consider the sexual predator issue at this time. State v. Breedlove (1988),46 Ohio App.3d 78.
Appellant's third assignment of error is found to be without merit.
The judgment of the trial court is affirmed.
DONOFRIO, J., concurs.
VUKOVICH, J., concurs.
APPROVED:
 ___________________________________ EDWARD A. COX, PRESIDING JUDGE